UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.                                                              Case No. 6:05-cv-1880-Orl-31KRS

ROANOKE TECHNOLOGY CORP.,
DAVID L. SMITH, JR.,
THOMAS L. BOJADZIJEV and
BARRETT R. CLARK,

Defendants,

SUSSEX AVENUE PARTNERS LLC,

Relief Defendant.
_____/

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS
TO DEFENDANT DAVID L. SMITH, JR.**

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant David L. Smith, Jr. In its Complaint, the Commission sought, among other things, a permanent injunction to prohibit Smith from further violations of Sections 5(a), 5(c), 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act of 1933 ("Securities Act"), Sections 10(b), 13(d) and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5, 13a-14, 13d-2 and 16a-3(a) thereunder, and from aiding and abetting violations of Section 13(a) of the Exchange Act and Rules 13a-13 and 12b-20 thereunder. Smith, having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, and without admitting or denying any of the allegations in the Commission's Complaint, except as to the jurisdiction of this Court, has agreed to the entry of this Judgment of Permanent

Injunction and Other Relief ("Judgment of Permanent Injunction"), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment of Permanent Injunction. This Court having accepted such Consent and this Court having jurisdiction over Smith and the subject matter hereof, and the Court being fully advised in the premises, orders as follows:

### I.

### JUDGMENT OF PERMANENT INJUNCTION AS TO SMITH

**IT IS ORDERED AND ADJUDGED** that Smith, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, are restrained and enjoined from:

### Section 5 of the Securities Act of 1933

A. Directly or indirectly, (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities in the form of units, common stock, warrants or any other securities, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities; (b) carrying securities, in the form of units, common stock, warrants or any other securities, or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, in the form of units, common stock, warrants

or any other securities, unless a registration statement is filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 § U.S.C. 77h, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), provided, however, that nothing in the foregoing portion of this injunction shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. § 77e.

### Section 17(a)(1) of the Securities Act of 1933

B.   Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. §77q(a)(1).

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

C.   Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such

securities in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder.

**Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933**

D.   Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and (3).

**Sections 13(d) and 16(a) of the Securities Exchange Act of 1934 and Rules 13d-2 and 16a-3, thereunder**

E.   Directly or indirectly, violating Sections 13(d) and 16(a) of the Exchange Act, 15 U.S.C. §§ 78m(d) and 78p(a), and Rules 13d-2 and 16a-3, thereunder, by failing to file reports with the Commission that accurately and fairly reflect his beneficial ownership of any equity security of a class which is registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, and any material changes in such beneficial ownership.

**Aiding And Abetting Violations of Section 13(a) of the Securities Exchange Act of 1934 and Rules 12b-20 and 13a-13**

F.   Directly or indirectly, aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-13, by knowingly

providing substantial assistance to an issuer that fails to file reports as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, that are not under the circumstances, materially misleading.

### Violations of Certification Requirements of Section 302 of the Sarbanes-Oxley Act of 2002, Rule 13a-14 of the Securities Exchange Act of 1934

G.  Directly or indirectly, violating Section 302 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7241(a) and Rule 13a-14 of the Exchange Act, by failing to sign and file accurate certifications that he had reviewed the issuer's annual and quarterly reports and that based on his knowledge, the report does not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the reports.

## II.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), Smith is barred from participating in an offering of a penny stock, including acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## III.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Smith is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IV.

## DISGORGEMENT & CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Smith shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Smith will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Smith may not challenge the validity of the Consent or this Judgment of Permanent Injunction and Other Relief; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without

regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Smith shall comply with the provisions of the Consent attached hereto, and that such Consent is incorporated herein by reference as if fully set forth herein.

VI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and Smith in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

VII.

### RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just

reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** on this 7TH day of August, 2006 at Orlando, Florida.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to all counsel and parties of record: