UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

          **Plaintiff,**

v.

               Case No. 6:05-cv-1880-Orl-31KRS

**ROANOKE TECHNOLOGY CORP., et al.,**

         **Defendants,**
_____/

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ROANOKE TECHNOLOGY CORP.**

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Roanoke Technology, Inc. ("Roanoke"). In its Complaint, the Commission sought, among other things, a permanent injunction to prohibit Roanoke from further violations of Sections 5(a), 5(c), 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 13(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5, 13a-13 and 12b-20 thereunder. Roanoke consents to the Court's jurisdiction over it and the subject matter of this action, and without admitting or denying any of the allegations in the Commission's Complaint, except as to the jurisdiction of this Court, has agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief ("Final Judgment"), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. This Court having accepted such Consent and this Court having jurisdiction over Roanoke and the subject matter hereof, and the Court being fully advised in the premises, orders as follows:

1

I.

**JUDGMENT OF PERMANENT INJUNCTION AS TO ROANOKE**

**IT IS ORDERED AND ADJUDGED** that Roanoke, its directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, and each of them, are restrained and enjoined from:

**Section 5 of the Securities Act of 1933**

A. Directly or indirectly, (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities in the form of units, common stock, warrants or any other securities, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities; (b) carrying securities, in the form of units, common stock, warrants or any other securities, or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, in the form of units, common stock, warrants or any other securities, unless a registration statement is filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 § U.S.C. 77h, in violation of Sections 5(a) and 5(c) of the Securities

Act, 15 U.S.C. §§ 77e(a) and 77e(c), provided, however, that nothing in the foregoing portion of this injunction shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. § 77e.

### Section 17(a)(1) of the Securities Act of 1933

B.     Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. §77q(a)(1).

### Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933

C.     Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and (3).

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

D.     Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of

material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder.

**Sections 13(a) of the Securities Exchange Act of 1934 and Rules 12b-20 and 13a-13**

E.  Directly or indirectly violating Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-13, 17 C.F.R. §§ 240.12b-20 and 240.13a-13, thereunder, by failing to file reports with the Commission that accurately and fairly reflect financial information, include the information expressly required to be included in a statement or report, and such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading, or by directly or indirectly filing or causing to be filed with the Commission any annual or quarterly report on behalf of any issuer required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. §78m(a), and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

## II.

## DISGORGEMENT AND CIVIL PENALTY

IT IS FURTHER ORDERED AND ADJUDGED that the Commission's claims

seeking disgorgement and a civil penalty against Roanoke are dismissed.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Roanoke shall comply with the provisions of the Consent attached hereto, and that such Consent is incorporated herein by reference as if fully set forth herein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and Roanoke in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

### V.

### RULE 54(b) CERTIFICATION

IT IS FURTHER ORDERED AND ADJUDGED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** on this 27th day of September, 2006 in Orlando, Florida.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to all counsel and parties of record